**MEDICA, INC., Respondent,**

v.

**Aubry L. BILLINGSLEA, Appellant.**

**No. C1–00–934.**

Court of Appeals of Minnesota.

Nov. 7, 2000.

Review Granted Dec. 20, 2000.

---

Kevin P. Hickey, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, MN, (for respondent).

Thomas J. Laughlin, Laughlin Law Office, St. Paul, MN, (for appellant).

Considered and decided by LANSING, Presiding Judge, PETERSON, Judge, and FORSBERG, Judge.*

## OPINION

LANSING, Judge

In an appeal from summary judgment, Aubry Billingslea contends that federal law preempts enforcement of a state statute imposing a lien on a medical-assistance recipient's cause of action or recovery rights for injuries necessitating the medical expenses. Under the reasoning in *Martin ex rel. Hoff v. City of Rochester*, 615 N.W.2d 867 (Minn.App.2000), *review granted* (Minn. Oct. 17, 2000), we conclude that federal law does not conflict with or otherwise preempt Minn.Stat. § 256B.042, and we affirm.

## FACTS

Aubry Billingslea applied for and received medical assistance to pay medical bills for injuries sustained in a car accident. As a condition of receiving medical

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

assistance, Billingslea signed a contract assigning to the State of Minnesota her rights to payment of medical expenses from any other source. *See* 42 U.S.C. § 1396K(a)(1)(A) (1994); Minn.Stat. § 256.056, subd. 6 (1998). Medica administered the medical-assistance program through a contract with the state. As an agent of the state, Medica filed a section 256B.042 cost-of-care lien to secure reimbursement from any award or settlement proceeds paid to Billingslea.

Billingslea obtained an underinsured-motorist settlement from her insurer, and Medica sued to enforce its lien against the settlement. Medica moved for summary judgment, arguing that it was entitled to the lien proceeds under Minnesota law. Billingslea filed a cross-motion for summary judgment, arguing that 42 U.S.C. § 1396p(a)(1) preempts section 256B.042.

The district court granted summary judgment to Medica, concluding that 42 U.S.C. § 1396p(a)(1), which prohibits medical-assistance liens on a recipient's property before the recipient's death, does not conflict with section 256B.042 and therefore does not preempt its enforcement. Billingslea appeals.

## ISSUE

Did the district court err in holding that federal law does not preempt cost-of-care lien rights granted to the state under Minn.Stat. § 256B.042?

## ANALYSIS

On appeal from summary judgment, the reviewing court must determine whether the case raises genuine issues of material fact and whether the district court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). A statute's preemptive effect involves a question of law, which this court reviews de novo. *In re Speed Limit for Union Pac. R.R. Through Shakopee*, 610 N.W.2d 677, 682 (Minn.App.2000).

Billingslea appealed the district court's judgment that enforced Minnesota's statutory medical-assistance lien before this court decided *Martin ex rel. Hoff v. City of Rochester*, 615 N.W.2d 867 (Minn.App.2000), *review granted* (Minn. Oct. 17, 2000). *Martin* held that Minn. Stat. § 256.015 (Supp.1999) does not conflict with 42 U.S.C. § 1396p(a)(1). Relying on decisions in similar cases from other jurisdictions, this court concluded that the lien rights are simply a vehicle for enforcing the prior assignment of recovery rights and, as such, do not conflict with the federal statutory provision protecting a Medicaid recipient's property prior to death. *Martin*, 615 N.W.2d at 869–70.

Both parties acknowledge that the issues in this case are essentially identical to the issues in *Martin*, and we agree. *Martin* interprets section 256.015, the human-services lien provisions for medical care and subsistence payments. Billingslea appeals the enforcement of a lien imposed under section 256B.042, which provides for medical assistance for needy persons. But the lien provisions in section 256B.042 are essentially identical to those in section 256.015. The lien created by section 256.015, the statute analyzed in *Martin*, does not vary from the lien created by section 256B.042 in any way that affects the preemption issue raised in both appeals. Consequently, the *Martin* decision that 42 U.S.C. § 1396p(a)(1) does not preempt section 256.015 applies with equal force to section 256B.042.

## DECISION

The district court properly granted summary judgment to Medica.

**Affirmed.**